SHOWALTER ET AL. *v.* FLETCHER AVENUE SAVINGS AND LOAN ASSOCIATION.

[No. 14,276. Filed April 27, 1934. Rehearing denied October 1, 1934. Transfer denied May 23, 1935.]

*James M. Ogden,* Attorney-General, *Joseph W. Hutchinson, E. Burke Walker,* Deputy Attorneys-General, *Philip Lutz, Jr., Attorney-General,* and *Philip Zoercher,* for appellants.

*Charles N. Thompson, Herman W. Kothe,* and *Grier M. Shotwell,* for appellee.

CURTIS, J.—The appellee in its complaint in the trial court sought to enjoin the collection of certain taxes in excess of $42.45, the sum appellee admitted was due, and to nullify certain acts of the State Board of Tax Commissioners whereby the taxing and collecting officials of Marion County were proceeding to tax and

collect the sum of $3860.40 as the amount due on March 1, 1929, for current taxes. The complaint was in one paragraph and proceeds upon the theory that the State Board of Tax Commissioners erroneously refused to make certain deductions from the appellee's tax schedule, resulting in a large increase of taxes levied against the appellee. To the complaint the appellants filed a general denial and the cause was submitted upon the issues thus made.

Upon the request of the appellants the court made a special finding of facts and stated its conclusions of law thereon. The six conclusions of law were favorable to the appellee and a judgment was rendered thereon and in accordance therewith. Exceptions were duly reserved by the appellants to each conclusion of law and this appeal prayed and perfected. The errors assigned are that the court erred in each of its conclusions of law numbered 1, 2, 3, 4, 5, and 6.

The finding of facts is unchallenged in this appeal. It is voluminous and covers 17 typewritten pages of the appellants' brief and contains 29 separately numbered findings. To set out the full finding would greatly extend this opinion and we do not deem it necessary to do so. We shall, however, set forth a sufficient portion thereof to show what the controversy is and to constitute a basis for the opinion. From the finding of facts it appears that the appellee is a domestic Building and Loan Association, duly organized and existing under the laws of the state of Indiana, and doing business as such in the city of Indianapolis, Indiana; that on March 1, 1929, it made and delivered to the auditor of Marion county a statement under oath, in duplicate, for the purpose of taxation as required by section 89 of an Act Concerning Taxation, approved March 11, 1919; that the auditor thereupon forwarded one copy of said statement to the State Board of Tax

Commissioners; that it owned on March·1, 1929, among other things, tangible personal property of the true cash value of $1500.00; that it carried in its contingent fund on said date the sum of $350,000.00 and in its reserve fund the sum of $51,012.21, making a total of $401,012.21; that it owned and carried in· said contingent and reserve funds on said date bond's of the United States of America of the value of $197,875.77 which said sum was deducted by the State Board of Tax Commissioners when assessing the appellee's contingent fund; that it owned on March 1, 1929, certain real estate in fee simple in which·its investment was $66,725.47 and which was carried for that amount in its said contingent and reserve funds, said real estate having been acquired by reason of a mortgage, lien, or other encumbrance upon the same and a later purchase thereof at public or private sale, and which sum representing the appellee's investment therein was deducted by the State Board of Tax Commissioners when they assessed the appellee's contingent and reserve funds; that it owned other real estate acquired in the same manner as last above mentioned of the value of $35,-669.76 which it carried in its contingent and reserve fund in that amount but which real estate had been sold on contracts prior to March 1, 1929.

The appellants say in their brief that they make no objection to deduction being made for the sums representing the real estate in the two classes heretofore mentioned, but that they do object to deductions being made for the value of the real estate referred to by them as in the third class. Their statement is as follows: "The real estate of the third class and the right to have its value deducted is the sole question involved in this appeal." The real estate of the class denominated by the appellants as in the third class is real estate acquired by purchase for the purpose of re-

sale to stockholders, upon which the association had no lien or interest to protect by the purchase, and which was re-sold on contracts for the exact cost, or substantially the exact cost, in accordance with the provisions of section 5090, Burns 1926, such real estate being of the value of $98,741.21, as determined by findings 18 and 19. The said findings 18 and 19 are as follows: "18. The plaintiff, on March 1, 1929, held legal title to certain real estate acquired by warranty deeds, with general covenants of warranty as to which at said time there were outstanding contracts as hereafter described; that said plaintiff had acquired such title to the several parcels of said real estate and had improved the same in part, while other parcels thereof were not improved by said plaintiff, and that the title to each of said parcels of said real estate was acquired by said plaintiff for the purpose of concurrently selling the same to its stockholders on contracts of sale as hereafter described, at the exact cost price to plaintiff of such real estate, or the improvements or both; that contracts for the sale of all of said parcel were entered into concurrently with the acquiring of the legal title to said real estate by plaintiff at the exact cost thereof to plaintiff on the so-called lease with investment form described in finding No. 16, except in eight cases, six of which were on the so-called lease with option to purchase form described in finding No. 17, each of which had been executed by the several owners of said respective parcels of real estate and severally assigned by said respective owners to said plaintiff prior to March 1, 1929, each assignment being accompanied by a deed of conveyance, for the particular parel of real estate, containing general covenants of warranty, executed by said respective owners to said plaintiff; the terms and conditions recited in said forms whereby the plaintiff received and holds the legal title to said real estate is

not otherwise than previously stated in these findings, that concurrently with said assignments the respective lessees in said several leases with options to purchase subscribed to stock of plaintiff in such number of shares, the par value of which either equalled or just exceeded the sum which, upon exercise of the option to purchase on the date of said assignment, would be due and payable in cash in order to entitle said lessee to a deed of conveyance." "19. That the remaining two contracts were on forms known as contracts of sale which had been executed by and between the owners of respective parcels and purchasers thereof and assigned by said owners to said plaintiff prior to March 1, 1929, each asignment being accompanied by a deed of conveyance for the particular parcel of real estate, containing general covenants of warranty, executed by said respective owners to said plaintiff; that concurrently with said assignments the respective purchasers in said respective contracts of sale subscribed to stock of plaintiff in such number of shares, the par value of which either equalled or just exceeded the balance then unpaid upon the purchase price contained in said respective contracts; that in each contract the vendor agreed to convey title in fee simple to said respective parcels of real estate by warranty deed upon full payments of the purchase price therein named, and said vendee agreed to pay the full purchase price set out in said contracts without relief. That the value of the balance due on all said contracts as herein in these findings 18 and 19 described as of March 1, 1929, was in the sum of $98,741.21 and the fee simple title to the real estate involved in these contracts was, of said date, in plaintiff."

In view of the statement of the appellants which we have herefore quoted we proceed to a determination of the question as to whether or not the appellants should

have allowed deductions from the contingent and reserve funds of the appellee of its investment in said third class of real estate carried by it in said contingent and reserve funds in the amount of $98,741.21.

Section 5090, Burns 1926, provides what real estate may be owned by a Building and Loan Association, such as is the appellee, as follows: "Any such association may purchase at any sale, public or private, any real estate upon which such association may have or hold any mortgage, lien or other incumbrance, or in which it has an interest; it may also acquire and own real estate for the purpose of occupying the same as its own business building and it may also acquire and own real estate in fee simple and improve the same, for the purpose of selling the same to its stockholders on a contract of sale with such stockholder providing for the sale to such stockholder at the cost price of such real estate or improvements or both to such association, made and executed, concurrently with said purchase, and the real estate so purchased, and any other real estate, that such corporation may hold or be entitled to when this act takes effect, it may sell, convey, exchange, lease or mortgage at pleasure to any person or persons whatever. No such association shall acquire or hold any real estate except as herein provided." Section 14124, Burns 1926, referring to the tax schedule to be filed by the association, provides that, "This statement (referring to the schedule filed by the association) such association shall deliver to the auditor of the county where such building and loan association is located, and such county auditor shall immediately forward such statement to the state board of tax commissioners. Said state board of tax commissioners shall value and assess for taxation the aforesaid tangible personal property; together with such contingent and reserve funds of such association as hereinafter in this act provided.

The state board of tax commissioners shall determine and settle the true cash value of all the aforesaid tangible property, contingent and reserve fund, after an examination of such statement, and also an examination under oath, of such officer or officers, if it be deemed necessary: Provided, that whenever any such building and loan association shall have acquired an ownership in real estate, so much of the value of such investment in real estate as may be carried in the contingent and reserve funds of such building and loan association on the first day of March of the current year, and shown in the statement of assets and liabilities to be filed as herein provided shall be deducted from the valuation of such contingent and reserve funds of such building and loan association." There can be no doubt but that the appellee carried in its contingent and reserve funds along with its other real estate as shown by its statement of assets and liabilities which it filed as provided by law, the value of the investment it had in the real estate covered by the said third class, in the amount of $98,741.21. Is it entitled to a deduction for said last mentioned amount along with the deductions for the value of its investment in its other real estate, all carried in said contingent and reserve funds? The answer to this question is controlled in a large measure by the answer to the following two questions: 1st, Does the appellee have such an ownership in the real estate in question as enables it to carry the value of its investment therein in its reserve and contingent funds? 2nd, What effect, if any, has the fact that in its contract of sale of the parcels of said real estate with its stockholders it requires them to assume and agree to pay the taxes thereon?

We think there can be little or no doubt but that the ownership of said real estate is such an ownership as is contemplated by the statute and the plain words of

the statute are that, "WHENEVER ANY SUCH BUILDING AND LOAN ASSOCIATION SHALL HAVE ACQUIRED AN OWNERSHIP IN REAL ESTATE SO MUCH OF THE VALUE OF SUCH INVESTMENT IN REAL ESTATE AS MAY BE CARRIED IN THE CONTINGENT AND RESERVE FUNDS OF SUCH BUILDING AND LOAN ASSOCIATION ON THE FIRST DAY OF MARCH OF THE CURRENT YEAR AND SHOWN IN THE STATEMENT OF THE ASSETS AND LIABILITIES TO BE FILED AS HEREIN PROVIDED SHALL BE DEDUCTED FROM THE VALUATION OF SUCH CONTINGENT AND RESERVE FUNDS OF SUCH BUILDING AND LOAN ASSOCIATION." See Section 14124, Burns 1926.

We are not strongly impressed by the argument of the appellants that the fact of the sale or the manner of the sale of such real estate to the various stockholders of the association would vitiate the plain right to deduction set forth in the portion of the statute just quoted. Manifestly the primary obligation to pay the taxes on such real estate, as real estate, would be upon the owner thereof, the appellee. The amount of the appellee's investment in such real estate would, from the very nature of its business, vary from year to year, but it is entitled to carry such investment in said funds and it is required to show the amount thereof as of March 1st each year in the statement it makes of its assets and liabilities which it must file in duplicate, under oath, for the purpose of taxation. It is not suggested, nor do we assume, that the taxes on such real estate as real estate have not been paid. If they have not been paid the tax authorities have an ample remedy under the general tax laws. What further interest insofar as taxes are concerned, has the state? What difference does it make to the taxing authorities as to

whether or not the association pays the taxes on said real estate as such and thus increases its investment therein or whether the purchaser on contract from the association pays the taxes? We think none. Putting the proposition in another way the question is: Appellee's real estate being taxed upon the basis of its true cash value as real estate, shall the bookkeeping entry of a part of the value thereof, namely so much thereof as represents appellee's actual investment therein, when carried in and credited to appellee's reserve and contingent funds be likewise subject to tax? We think not.

We have not deemed it necessary to set out all of the various tax statutes indirectly relating to the taxing of Building and Loan Associations as we believe the two sections quoted in this opinion are controlling of the question for determination; nor have we thought it advisable to discuss at length the various theories presented in the appellants' brief. They all relate to and are controlled by the conclusions we have set forth. Nor have we attempted to decide more than the exact question which the appellants stated was the sole question for determination.

We have found no reversible error. The judgment is affirmed.